UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARcare, Inc., an Arkansas Corporation, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> American Lifeline, Inc. d/b/a Florajen <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 17-cv-313 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Defendant American Lifeline, Inc. d/b/a Florajen ("Defendant") for violations of the federal Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendant as a class action. In support, Plaintiff states as follows:

## INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing advertisements without obtaining Plaintiff's prior express permission beforehand.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff

1

offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because its operates its businesses in Wisconsin.

7. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over TCPA claims.)

8. Venue in this district is proper because this is the district in which Defendant resides.

## PARTIES

9. Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

10. Defendant American Lifeline, Inc. d/b/a Florajen is a company that sells probiotic supplements. It has its principal place of business in Baraboo, Wisconsin, and is organized under the laws of Wisconsin.

## FACTS

11. During the Class Period, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax informs the recipient that "For better patient outcomes . . . Recommend Florajen with antibiotic scripts," and touts the advantages of Defendant's probiotic supplements. The fax also states that its products are "Available in Pharmacy Refrigerators and Store Coolers Nationwide." A copy of this facsimile is attached hereto and marked as Exhibit A.

12. Exhibit A is an exemplary of the junk faxes Defendant sends.

13. Upon information and belief, Plaintiff has received multiple fax advertisements from Defendant similar to Exhibit A.

14. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

## CLASS ALLEGATIONS

15. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or quality of property, goods or services offered by "Florajen," between April 27, 2013 and April 27, 2017.

16. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

17. Excluded from the Class is Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees

of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

18. <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

19. <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

    a.    Whether Defendant sent faxes promoting the commercial availability or quality of property, goods, or services;

    b.    The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which they sent the faxes attached as <u>Exhibit A</u> to Plaintiff's Class Action Complaint and other unsolicited fax advertisements;

    c.    Whether Defendant faxed advertisements without first obtaining the recipient's express permission or invitation;

    d.    Whether Defendant sent fax advertisements knowingly or willfully;

    e.    Whether Defendant violated 47 U.S.C. § 227;

    f.    Whether Plaintiff and the other Class members are entitled to statutory damages;

    g.    Whether the Court should award trebled damages; and

    h.    Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

20. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received unsolicited fax advertisements from Defendant during

the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

21. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

22. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    (a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    (c) Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

    (d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

    (e) This case is inherently well-suited to class treatment in that:

        (i) Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and

business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

(ii) Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

(iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

23. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

24. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

25. The TCPA makes it unlawful to send any "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

26. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

27. Defendant faxed unsolicited advertisements to Plaintiff, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

28. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its services and products; and (b) that Exhibit A is an advertisement.

29. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

30. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Declare Defendant's conduct to be unlawful under the TCPA;

c) Award $500 in statutory damages under the TCPA for each violation, and if the Court determines the violations were knowing or willful then treble those damages;

d) Enjoin Defendant from additional violations;

e) Award Plaintiff and the Class their attorney's fees and costs;

f) Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: April 27, 2017          Respectfully submitted,

**ADEMI & O'REILLY, LLP**

By:   /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com


meldridge@ademilaw.com
dmorris@ademilaw.com

and

Randall K. Pulliam, Esq. (pro hac vice to be submitted)
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505