IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARCARE, INC., on behalf of itself and all others similarly situated,

          Plaintiff,

v.

AMERICAN LIFELINE, INC. d/b/a FLORAJEN,

          Defendant.

ORDER

17-cv-313-wmc

---

Plaintiff ARcare, Inc. filed this class action lawsuit, alleging that defendant American Lifeline, Inc. d/b/a Florajen violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited advertisements by fax machine. On behalf of itself and a putative class of other recipients of junk faxes from American Lifeline, plaintiff seeks monetary and injunctive relief.

Two days after filing its answer to plaintiff's complaint, defendant filed a motion for summary judgment. (Dkt. #12.) In support of that motion, defendant filed an affidavit from its "Director of Customer Fulfillment & Outreach" (dkt. #14) with attached exhibits, including a screenshot of its database, indicating that each of the twelve fax messages that American Lifeline sent to three different fax numbers belonging to ARcare were sent only after American Lifeline obtained explicit, contemporaneous consent to do so from ARcare employees. (Dkt. #14-1.) Because each of the messages faxed to ARcare were *not* unsolicited, defendant argued in the brief in support of its summary judgment motion, American Lifeline could not be held liable under the TCPA.

*See* 47 U.S.C. § 227(b)(1)(C) (prohibiting only "unsolicited" advertisements sent to a fax machine).

Rather than oppose defendant's motion, plaintiff filed a Federal Rule of Civil Procedure 41(a)(2) motion for the court to voluntarily dismiss this action with prejudice as to the named plaintiff and without prejudice to any putative class members, with each party to bear its own costs. This motion is before this court because the defendant refused to agree to a stipulated dismissal, maintaining that it is instead entitled a ruling on its summary judgment motion. (Pl.'s Br. Sppt. (dkt. #17) at 1.) In the brief in support of its motion, plaintiff explains that although counsel "conducted a diligent pre-suit investigation, which included an analysis of any transaction history with American Lifeline and questioning ARcare staff to determine if they had provided consent," counsel was not aware of the proposed facts that defendant presented in its summary judgment motion before filing this lawsuit. (*Id.* at 2.)

In response to plaintiff's motion to voluntarily dismiss its claims, defendant filed a brief "to fully inform the [c]ourt of the background of this action, and to respectfully request that the [c]ourt fashion appropriate conditions [for] relief under Rule 41(a)(2) and Rule 11(c)(3)." (Def.'s Opp'n Br. (dkt. #16) at 1.) In particular, defendant disputes the assertion of plaintiff's counsel that it adequately investigated the basis for plaintiff's claims before filing suit, pointing primarily to the fact that plaintiff ARcare has filed dozens of other TPCA class action lawsuits over the past year, all of which appear to have been resolved at the pleadings stage, whether by settlement, judgment against plaintiff or voluntary dismissal. (*Id.* at 9.) Accordingly, defendant now requests that the court order

2

plaintiff to show cause why Rule 11 sanctions would not be appropriate or to "place conditions on dismissal pursuant to Rule 41(a)(2) to compensate American Lifeline for the harm it has suffered from this frivolous filing." (*Id.* at 10.)

In reply, plaintiff also reiterates that it conducted a thorough investigation before filing suit, maintains its assertion that its employees did not consent to receive faxes from defendant and faults defendant for making no effort to resolve this case mutually before filing for summary judgment. (Pl.'s Reply Br. (dkt. #20) at 3.) Plaintiff also correctly points out in its reply brief that defendant's failure to serve a Rule 11 motion for sanctions before moving for the court to issue a show cause order "[o]n its own" under Rule 11(c)(3) is an improper attempt to circumvent Rule 11(c)(2)'s notice provisions. *See Cali v. Danek Med., Inc.*, 24 F. Supp. 2d 941, 954 (W.D. Wis. 1988).

Ultimately, defendant's representations regarding plaintiff's litigation activity and the ease with which plaintiff could have discovered its employees consent to receive faxes are troubling. In fairness, however, plaintiff contests both. Regardless, the court is not prepared to punish plaintiff on this record, which includes email communications between counsel that were attached by both parties. (Dkt. ##19-3, 20-1.) In particular, plaintiff points to defendant's: (1) apparent decision to forego any attempt to work out an agreeable resolution outside of court before filing its summary judgment motion; and (2) failure to seek Rule 11 sanctions through proper channels or even move for an award of fees or costs in its summary judgment motion, especially in light the aspersions defendant casts on plaintiff.

To be clear, defendant was well within its rights to pursue this litigation strategy, but it ran the risk of any requests for shifting of fees and costs falling on deaf ears. Nor is plaintiff blamelessly here. Still, plaintiff is at least now on formal notice of its growing reputation for filing seemingly meritless (or at least not well-founded) lawsuits to extract nuisance settlements, for which it will likely to face sanctions in the future for any baseless lawsuits.[1] Here, however, defendant's failure to make further efforts to streamline this litigation, and save time and effort on the part of both the litigants and the court, does not justify taxing fees and costs or other sanctions on balance. Accordingly, the court finds that the terms on which plaintiff seeks to dismiss this case -- with prejudice as to the named plaintiff and without prejudice to the putative class members, with each party to bear its own costs -- are proper. *See* Fed. R. Civ. P. 41(a)(2).

IT IS ORDERED that plaintiff's motion (dkt. #16) is GRANTED and the clerk of court is directed to close this case.

Entered this 22nd day of November, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

---

[1] As an example, defendant buries under several pages of Rule 11 arguments in the opposition brief perhaps its strongest arguments that a voluntary dismissal with prejudice may still subject a plaintiff to paying the other side's fees under "exceptional circumstances," including when a litigant makes a repeated practice out of bringing claims before voluntarily dismissing them with prejudice (supported with a *see, e.g.,* cite to one case) and that such a dismissal should entitle a defendant to costs pursuant to Rule 54(d) (supported by citations to several cases). (Def.'s Opp'n Br. (dkt. #18) at 5.).